# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**VICTOR P. KEARNEY,**

    **Appellant,**

    vs.                                                                 Civ. No. 18-544 RB/KK

**OFFICIAL COMMITTEE OF**
**UNSECURED CREDITORS,**

    **Appellee.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Appellant's Notice of Appeal and Statement of Election, filed June 13, 2018. (Doc. 1.) By an Order of Reference filed June 25, 2018 (Doc. 4), the presiding judge referred this matter to the undersigned to conduct hearings as warranted, and to perform any legal analysis required to recommend an ultimate disposition of the motions.

On June 13, 2018, the Clerk of the Bankruptcy Court filed a Clerk's Certificate of Service of Notice of Appeal and Election To Have Appeal Heard by District Court.[1] (Doc. 1.) Therein, Appellant indicated he was appealing the Bankruptcy Court's Order Denying Debtor's Motion for Reconsideration and Order Denying Second Motion to Extend Exclusivity, entered on May 25, 2018. (*Id.*) Although Appellant timely filed the appropriate notice and elected to proceed in this Court, Appellant did not perfect the appeal by designating the record and filing a statement of issues. (Doc. 2.) Having failed to do so, this Court entered an Order Directing Appellant to Cure Defects by September 27, 2018. (Doc. 5.) Appellant has not responded and, in fact, has not taken any action on the matter since filing the Notice of Appeal. The Court, therefore, recommends that the appeal be dismissed for lack of prosecution.

---

[1] The Clerk's Certificate indicated that Appellant filed its Notice of Appeal in Bankruptcy Court on June 8, 2018. (Doc. 1.)

## ANALYSIS

The governing law is straightforward. Rule 8009(a)(1)(A) provides that "the appellant must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." An appellant must do so "within 14 days after: (1) the appellant's notice of appeal as of right becomes effective under Rule 8002; or (ii) an order granting leave to appeal is entered." Fed. R. Bankr. R. 8009(a)(1)(B). Appellant filed his Notice of Appeal on June 8, 2018, giving him until June 22, 2018, to submit the designation and statement. Appellant did not file these documents, and the Clerk of the Bankruptcy Court therefore filed a notice that the Clerk was unable to transmit the record on appeal. (Doc. 2.) This Court then gave Appellant the opportunity to file the paperwork to perfect his appeal and allowed him until September 27, 2018, to do so. The Appellant has taken no action.

## RECOMMENDATION

The Court therefore recommends Appellant's Notice of Appeal be **DISMISSED** for lack of prosecution.

---

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

---

_____
**KIRTAN KHALSA**
**United States Magistrate Judge**